IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD EDWARDS,** | : |
| **Plaintiff** | : |
| | : |
| v. | : **CIVIL ACTION NO. 19-CV-4851** |
| | : |
| **MARK L. FREED,** | : |
| **Defendant.** | : |

## MEMORANDUM

**PRATTER, J.**                                                            OCTOBER 2019

Plaintiff Gerald Edwards, a self-represented litigant, filed this civil action, apparently pursuant to 42 U.S.C. § 1983, against Mark L. Freed, an attorney who prosecuted him in the Bucks County Court of Common Pleas for violating local ordinances. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

As is typical of Mr. Edwards's filings, his Complaint consists of sparse allegations and voluminous exhibits. Mr. Edwards has been found guilty of numerous summary offenses based on violations of local ordinances related to the maintenance of his property.[1] *See Commonwealth v. Edwards*, CP-09-SA-0000401-2019; CP-09-SA-0000318-2019; CP-09-SA-0000219-2018; CP-09-SA-0000301-2018 (Bucks Cty. Ct. of Common Pleas). He is suing Mr. Freed because

---

[1] This is the sixth lawsuit that Mr. Edwards has filed about these citations and related events. *See Edwards v. Morgan*, Civ. A. No. 18-4776 (E.D. Pa.); *Edwards v. McDermott*, Civ. A. No. 18-4777 (E.D. Pa.); *Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.); *Edwards v. Rice*, Civ. A. No. 19-3559 (E.D. Pa.); *Edwards v. Baranoski*, Civ. A. No. 19-4609 (E.D. Pa.).

Mr. Freed prosecuted him on behalf of the Commonwealth. Mr. Edwards seeks damages in the amount of $500,000.

## II. STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Mr. Edwards is proceeding *pro se*, and for that reason the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "'[A]gency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts.'" *Doheny v. Pennsylvania*, No. 17-2168, 2019 WL 3297461, at *5 (3d Cir. July 23, 2019) (quoting *Butz v. Economou*, 438 U.S. 478, 515 (1978)); *see also Schrob v. Catterson*, 948 F.2d 1402, 1413 (3d Cir. 1991) ("We find that Catterson's actions in initiating the *in rem* prosecution in this case are protected by

2

absolute immunity."). Here, Mr. Edwards is suing Mr. Freed because Mr. Freed prosecuted him for violations of local ordinances on behalf of the Commonwealth. Mr. Freed is entitled to absolute prosecutorial immunity for those claims. The Court will dismiss this case because it is legally frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint. Because Mr. Edwards cannot cure the defects in his claims he will not be given leave to file an amended complaint in this case. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.